IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CR-123-H-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| CHRISTOPHER JOSEPH BOVA, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Apex Police Department assigned to the Federal Bureau of Investigation Child Exploitation Task Force. It also introduced an exhibit consisting of images taken from defendant's computer. Defendant presented the testimony of the proposed third-party custodian, his mother, and introduced a character letter on defendant's behalf. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated in open court and below, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in an eleven-count indictment on 21 April 2015 with: receipt of child pornography beginning on a date unknown and ending on 8 February 2013 in violation of

18 U.S.C. § 2252(a)(2) (cts. 1-10) and possession of child pornography on 8 February 2013 in violation of 18 U.S.C. § 2252(a)(4)(B) (ct. 11). The evidence presented at the hearing showed that the charges arise from recovery of about 21,000 still images of child pornography and several videos of child pornography equivalent to 4-5,000 still images from computers and hard drives recovered from defendant's home during execution of a search warrant on 8 February 2013. Included among the pornographic images were non-pornographic images of young girls defendant knew. The character letter defendant submitted described the girls as "neighbors['] daughters." Pictures of defendant dressed up as a woman displaying his private areas were intermixed with images of the girls he knew and other girls. The images on the computer and hard drives included some of prepubescent children age 12 or younger and some showing girls in bondage, suffering, or being humiliated. Defendant admitted to downloading and possessing child pornography. There is no evidence that he has had hands-on sexual contact with children.

While in custody following his arrest on the instant charges, defendant called his son over the jail telephone and told him to remove the computer in the home. The call was monitored by law enforcement. On 6 May 2015, a search warrant was obtained and executed for the computer. (*See* Case No. 5:15-MJ-1565-JG (E.D.N.C)). An initial forensic examination of the computer revealed records of several hundred files consistent with child pornography, although no images of child pornography had been recovered at the time of the detention hearing. Defense counsel proffered that her office, the Federal Public Defender's Office, had informed defendant at some point prior to his telephone call that a condition of release would be removal of any computers from the home.

When executing the search warrant, officers located marijuana in the home, which defendant's mother had apparently removed from defendant's bedroom to hers. She explained to

the officers that she had it in the event she wanted to use it.  At the time of execution of the search warrant, defendant was on pretrial release for the state charges arising from execution of the search warrant in 2013.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government.  In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following:  evidence showing that the government has a strong case, including the evidence reviewed above; the nature of the offenses charged as involving minor victims; the circumstances of the offenses charged, including the volume of child pornography defendant had, his inclusion of pictures of young girls whom he knew (apparently including some living in his neighborhood) with images of child pornography, the term of imprisonment defendant faces if convicted, and evidence that he is continuing to collect child pornography and doing so despite being on state pretrial release; defendant's apparent possession of marijuana while on state pretrial release; the unsuitability of the proposed third-party custodial arrangement due to her stated dependence on him to assist with her serious healthcare concerns and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating.  It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 8th day of May 2015.

James E. Gates
United States Magistrate Judge